UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff/Respondent, | ) | Criminal Action No. 2: 09-33-DCR |
| | ) | Civil Action No. 2: 12-7223-DCR |
| V. | ) | |
| | ) | |
| LAZELLE MAXWELL, | ) | **MEMORANDUM OPINION** |
| | ) | |
|     Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Following remand, a re-sentencing hearing was held on Friday, November 13, 2015. During this hearing, the Court again calculated Defendant Lazelle Maxwell's non-binding guideline range under the 2009 version of the United States Sentencing Guidelines (*i.e.*, the guidelines in effect at the time of the original sentencing hearing) in accordance with 18 U.S.C. § 3742(g)(1) and the holding in *United States v. Taylor*, 648 F.3d 417 (6th Cir. 2011). Under this analysis, the Court determined that a guideline range of 360 months to life was applicable to Maxwell's conviction under Count 1. As noted during the re-sentencing hearing, changes in the guidelines adopted through later versions of the United States Sentencing Guidelines were included in the Court's subsequent analysis under 18 U.S.C. § 3553(a).

The Court also address the issue of whether Defendant Maxwell should be classified as a Career Offender under the 2009 guidelines in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) (holding that the residual clause of the Armed

-1-

Career Criminal Act of 1984 ("ACCA") is unconstitutionally void for vagueness). Following arguments, the Court concluded that § 4B1.2(a)(2) of the United States Sentencing Guidelines (2009) remains viable following *Johnson* under the rationale outlined by the Eleventh Circuit in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). *See also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (the United States Sentencing Guidelines are not subject to challenge based on a claim of void for vagueness). As the Eleventh Circuit explained in *Matchett*, the relevant provisions of the sentencing guidelines are not subject to the same challenges that led the Supreme Court to hold the ACCA to be void for vagueness. *But see United States v. Darden*, 605 Fed. Appx. 545 (6th Cir. July 6, 2015) (per curiam remand for resentencing of defendant sentenced under career offender enhancement of § 4B1.1 following decision in *Johnson*).

In *Darden*, the Sixth Circuit remanded the matter for re-sentencing, citing *United States v. Maldonado*, 581 F. App'x 19, 22-23 (2d Cir. 2014), *vacated*, 576 U.S. (2015); and *Beckles v. United States*, 579 F. App'x 833, 833-34 (11th Cir. 2014), vacated, 576 U.S. ___ (2015), as authority. However, remand by the Supreme Court does not mandate a determination that *Johnson* is applicable to § 4B1.1 of the United States Sentencing Guidelines. As Justice Alito notes in his concurring opinion in *Maldonado*:

> [i]n holding this petition and now in vacating and remanding the decision below in this case, this Court has not differentiated between cases in which the petitioner would be entitled to relief if the Court held (as it now has) that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. Sec. 924(e)(2)(B)(ii), is void for vagueness and cases in which relief would not be warranted for a procedural reason. On remand, the Court of Appeals should understand that the Court's disposition of this petition doe not reflect any view regarding petitioner's entitlement to relief.

*Maldonado*, 135 S. Ct. 2929 (2015). Justice Alito concurring opinion in *Beckles*, 135 S. Ct. 2928 (2015), is identical.

Notwithstanding this Court's determination that *Johnson* is inapplicable in calculating Maxwell's non-binding guideline range under the 2009 version of the United States Sentencing Guidelines, it proceeded to re-calculate Maxwell's non-binding guideline range, assuming the holding in *Johnson* applied. Under such a scenario, Maxwell's Base Offense level would remain at 34 in light of the drug quantity attributed to him (marijuana equivalency of 8,960 kilograms). After adding a four level adjustment under § 3B1.1(a) for Maxwell's leadership role in the offense, his Adjusted and Total Offense Level would remain 38. However, Maxwell's criminal history point total would be reduced to 8 because the Court sustained his objection regarding paragraph 37 of his Presentence Investigation Report ("PSR"). As explained during the re-sentencing hearing, removal of the point assessed under § 4A1.1(c) would result in Maxwell's Criminal History Category being reduced to IV (again, based on the assumption that the holding in *Johnson* applies and Maxwell would not be placed in Criminal History Category VI under Career Offender provision of § 4B1.1 of the United States Sentencing Guidelines). Under this calculation, Maxwell's non-binding guideline range for imprisonment would be 324 to 405 months of imprisonment.

Changes to the United States Sentencing Guidelines in years following the 2009 manual were considered under 18 U.S.C. § 3553(a). However, they did not alter the Court's determination that a sentence of 360 months imprisonment was necessary to meet all goals and objectives of sentencing. During allocution, counsel for Maxwell focused on the defendant's

rehabilitative efforts and lack of infractions following the original sentencing hearing. However, as the Court explained, neither post-sentencing rehabilitative conduct nor changes in the guidelines altered the Court's determination that a sentence of 360 months is sufficient, but not greater than necessary, to meet all relevant factors of 18 U.S.C. § 3553(a).

In addition to changes in the United States Sentencing Guidelines affecting the Base Offense Level and Criminal History calculation, the Court concluded that, regardless of whether Maxwell were sentenced as a Career Offender under the 2009 United States Sentencing Guidelines, or whether that designation should be disregarded under *Johnson, supra*, the same term of imprisonment would be imposed by the Court. Even if Johnson were applicable, Maxwell's sentence of 360 months would be in the middle of his non-binding guideline range (324 to 405 months). However, a sentence of imprisonment of less than 360 months would not provide proper punishment, protection to the public, or deterrence (either specific or general). Instead, a lesser sentence would unduly diminish the very serious nature of the Maxewll's crime. In short, the Supreme Court's decision in *Johnson, supra*, does not affect this Court's ultimate decision on re-sentencing.

Finally, during the re-sentencing hearing, the Court was not asked to consider a reduced sentence under 18 U.S.C. § 3582(c)(2). This procedural avenue is available to Maxwell. However, in evaluating such a motion, the Court's analysis would be the same as outlined above. Relief would not be granted under this statutory section because, simply put, Maxwell's crime merits the punishment determined by the Court at the time of his original and re-sentencing

hearings.  Under 18 U.S.C. § 3553(a), 360 months of imprisonment is the minimum term that should be imposed.  That was true in January 2010, and it remains true today.

This 13th day of November, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge