UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> V. ) </br> ) </br> LAZELLE MAXWELL, ) </br> ) </br> Defendant. ) | Criminal Action No. 2: 09-033-DCR </br></br></br> **MEMORANDUM OPINION </br> AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

The Clerk of the Court has filed a letter from Defendant Lazelle Maxwell requesting the appointment of counsel to assist in seeking relief pursuant to the First Step Act of 2018 ("2018 Act"). [Record No. 354] The Court will treat the letter as a motion to appoint counsel and a request for review of his case under the 2018 Act. [*Id.*] Having reviewed the history of this case and the letter provided by Maxwell, the Court has determined that a sentence reduction is not appropriate and the appointment of counsel is not necessary.

I.

It is important to review the history of Maxwell's conviction and sentences in determining whether a sentence reduction is appropriate. Following a jury trial, Maxwell was convicted of conspiring to knowingly and intentionally distribute and to possess with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 ("Count One"). [Record No. 144] Maxwell also was convicted of conspiring to knowingly and intentionally distribute and to possess with the

intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 ("Count Two"). [*Id*.]

Maxwell was initially sentenced to a term of imprisonment of 240 months on Count One and 120 months on Count Two followed by a total term of supervised release of 10 years. [Record No. 208] This sentence was based on the 2009 version of the United States Sentencing Guidelines. The defendant subsequently appealed, and the United States Court of Appeals for the Sixth Circuit affirmed Maxwell's conviction and sentence. [Record No. 233] Maxwell then filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. [Record No. 244] The motion to vacate was referred to a Magistrate Judge who issued a recommended disposition. [Record No. 264] The undersigned adopted and incorporated the Magistrate Judge's Recommended Disposition, denied the motion to vacate, and issued a Certificate of Appealability regarding the issue of "whether Maxwell's trial counsel erred under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to challenge the charges against Maxwell in Counts One and Two of the Superseding Indictment as multiplicitous." [Record No. 269] Maxwell appealed this issue, and the Sixth Circuit determined that Counts One and Two were multiplicitous. [Record Nos. 271, 282]

The Sixth Circuit remanded the Court's opinion denying Maxwell's § 2255 motion and instructed the Court "to vacate his conviction on one of the two counts, vacate the special assessment for the vacated count, and resentence him on the remaining count." [Record No. 282] Following remand, the Court used the 2009 United States Sentencing Guidelines to recalculate Maxwell's sentence. [Record No. 302]

Maxwell was assigned a base offense level of 34 based upon the quantity of drugs attributed to him under U.S.S.G. § 2D1.1(c)(3). [Record No. 302] A four level increase was assigned due to his leadership role in the offense pursuant to U.S.S.G. § 3B1.1(a). [*Id.*] Therefore, Maxwell was determined to have a total offense level of 38 pursuant to U.S.S.G. §§ 2D1.1 and 3B1.1. [*Id.*] Additionally, Maxwell's previous criminal convictions resulted in a subtotal criminal history score of 7, but the instant offense was committed less than two years following the defendant's release from custody, so two points were added pursuant to U.S.S.G. §4A1.1(e) leading to a total criminal history score of 9. [*Id.*]

At sentencing, the Court determined that Maxwell's previous conviction of misrepresenting identity should not be considered, and the Court removed one point from the criminal history score for a total criminal history score of 8, putting him in criminal history Category IV. [*Id*. at p. 13] Therefore, his total offense level and criminal history provided a guideline range of 324 months – 405 months. However, it was determined that Maxwell was a career offender within the meaning of U.S.S.G. §4B1.1, so his criminal history category was Category VI. [*Id.*] Maxwell's total offense level calculated pursuant to U.S.S.G. §§ 2D1.1 and 3B1.1 was higher than his offense level as a career offender under U.S.S.G. § 4B1.1, so the Court used his total offense level of 38 to calculate the appropriate guidelines range. *See* U.S.S.G. § 4B1.1. Accordingly, his total offense level and criminal history category provided a guidelines range of 360 months – life. Based upon these calculations, the Court determined that a 360-month term of imprisonment on Count One was appropriate. [Record No. 293]

## II.

In evaluating requests for sentencing reductions under the 2018 Act, the Court looks to the provisions of 18 U.S.C. § 3582(c)(2), in determining: (i) the substantive factors to be

considered and (ii) whether counsel should be appointed in connection with reduction requests. Once a district court imposes a sentence, it has limited authority to modify that sentence. However, a sentence may be modified "to the extent… expressly permitted by statute…" and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Fair Sentencing Act of 2010 ("FSA") was enacted to "restore fairness to Federal cocaine sentencing" and reduce the disparity between defendants convicted of crimes involving cocaine base versus powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The FSA amended 21 U.S.C. § 841 by increasing the amount of cocaine base necessary to trigger the mandatory minimum sentences provided in the statute. *Id*. Prior to the FSA, a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was triggered by violations involving 50 grams or more of a mixture or substance containing cocaine base. The FSA increased the amount of cocaine base needed to trigger that mandatory minimum to 280 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(A) (Effective: Aug. 3, 2010). The FSA also increased the amount of cocaine base needed to trigger the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(B) from 5 grams of cocaine base to 28 grams of cocaine base. 21 U.S.C. § 841(b)(1)(B) (Effective: Aug. 3, 2010).

After the enactment of the FSA, any violation involving more than 28 grams but less than 280 grams of a mixture or substance containing cocaine base results in a mandatory minimum sentence of five years, or a mandatory minimum of ten years if the violation occurred following a conviction for another drug felony. 21 U.S.C. § 841(b)(1)(B). However, the FSA did not previously apply retroactively to defendants who were sentenced prior to the enactment

of the FSA. *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The 2018 Act recently made the FSA retroactive. *See* Pub. L. No. 115-391. As relevant to the present case, Section 404 of the 2018 Act states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id*. Therefore, the Court must first determine whether a defendant is eligible under the 2018 Act, and then may, but is not required, to reduce the sentence of defendants who are eligible for relief.

### i. Eligibility Under the 2018 Act

Maxwell initially appears to be eligible under the 2018 Act because his previous sentence involved a conviction of more than 50 grams of a substance containing cocaine base which was modified by the FSA. Under 18 U.S.C. § 3582(c)(1)(B), a defendant is eligible for a sentence reduction if it is expressly permitted by statute. Alternatively, "under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: "(1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [or by statute]; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal citations and quotation omitted); 18 U.S.C. § 3582(c)(2). "[A] guidelines amendment must have the effect of lowering the defendant's applicable guideline range" to satisfy the second prong. *Riley*, 726 F.3d at 758. When the Court sentences a defendant as a career offender under U.S.S.G. § 4B1.1, instead of basing a

sentence upon U.S.S.G. § 2D1.1, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *Id*. at 758-59.

The analysis in *Riley* is also applicable to sentence reductions permitted by statute pursuant to 18 U.S.C. § 3582(c)(1)(B). *Riley* clarifies that a change to the sentencing guidelines must actually have the effect of lowering the applicable guidelines range for a defendant to be eligible for relief under 18 U.S.C. § 3582(c)(2). This analysis applies to 18 U.S.C. § 3582(c)(1)(B) because the purpose of 18 U.S.C. § 3582 is to provide a means for defendants to move to reduce their sentence. If the guidelines range does not change, a reduction is not appropriate regardless of whether a defendant is moving under 18 U.S.C. § 3582(c)(2) or 18 U.S.C. § 3582(c)(1)(B). Accordingly, if a defendant is sentenced as a career offender under U.S.S.G. § 4B1.1, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B).

While the Court determined that Maxwell was a career offender for purposes of the guidelines calculation, his total offense level was a 38 pursuant to U.S.S.G. §§ 2D1.1 and 3B1.1. [Record Nos. 300, 302, p. 26] Therefore, his total offense level was higher than the applicable offense level for a career offender. When a defendant's total offense level is higher than the applicable offense level for a career offender, the defendant's total offense level applies. *See* U.S.S.G. § 4B1.1(b); [Record No. 302] Thus, Maxwell was sentenced as a career offender with a total offense level of 38 and a criminal history category of VI. [Record No. 302]

Even if Maxwell had not been sentenced under U.S.S.G. § 4B1.1, he would not eligible for a reduction pursuant to 18 U.S.C. § 3582 because applying the FSA retroactively does not change his sentencing guidelines. *See Riley*, 726 F.3d at 758. As explained at Maxwell's

sentencing, under the 2015 edition of the Sentencing Guidelines manual, he could argue that he had a total offense level of 36 and a criminal history category of III. [Record No. 302, p. 27] Nevertheless, Maxwell qualifies as a career offender, so his criminal history category is VI. Additionally, the statutory maximum for the offense is life, so Maxwell's offense level would be increased from a 36 to a 37. U.S.S.G. § 4B1.1

The classification as a career offender under U.S.S.G. § 4B1.1 is appropriate for Maxwell because he was at least 18 years old at the time he committed the instant offense, the instant offense is a felony that is a controlled substance offense, and he has two prior felony convictions of a crime of violence. U.S.S.G. § 4B1.1(a).

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2. Maxwell's previous conviction of bank robbery constitutes a crime of violence because it was punishable by a term of imprisonment exceeding one year and it is robbery. Additionally, Maxwell's previous conviction for fleeing a police officer constitutes a crime of violence because it is punishable by imprisonment for a term exceeding one year and it involves conduct that presents a serious potential risk of physical injury to another. *See United States v. Stephens*, 393 Fed. App'x 340, 345 (6th Cir. 2010) (stating that the Sixth Circuit has repeatedly and consistently held that fleeing and eluding constitutes a crime of violence within the meaning of U.S.S.G. § 4B1.1). Therefore, Maxwell is properly classified

as a career offender and the appropriate criminal history category is Category VI. U.S.S.G. §§ 4B1.1 and 4B1.2.

Additionally, the United States Sentencing Guidelines increase the offense level for career offenders based on the statutory maximum of the offense. U.S.S.G. § 4B1.1. If the present offense occurs after a prior conviction for a serious drug felony or a serious violent felony has become final, 21 U.S.C. § 841(b)(1)(B) provides for a mandatory minimum of 10 years and a statutory maximum of life. The present offense occurred after Maxwell was convicted of robbery which is an offense that qualifies as a serious violent felony under 21 U.S.C. § 802(58). Therefore, if the FSA was enacted at the time of his sentencing, the mandatory minimum would have been not less than ten years and the statutory maximum would have been life. *See* 21 U.S.C. § 841(b)(1)(B). Because the statutory mandatory maximum under 21 U.S.C. § 841(b)(1)(B) is life and Maxwell is a career offender, his offense level increases from a 36 to a 37. U.S.S.G. § 4B1.1.

Maxwell's guidelines range would be 360 months – life because his offense level is 37 and his criminal history is a Category VI. Accordingly, applying the FSA retroactively does not change the guidelines range and Maxwell is ultimately not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582. *Riley*, 726 F.3d at 758.

### III.

Even if Maxwell was eligible for a sentence reduction under 18 U.S.C. § 3582, a reduction is not appropriate after considering the 18 U.S.C. § 3553 factors. The Court previously applied the 18 U.S.C. § 3553 sentencing factors in determining the appropriate sentence for Maxwell. The factors previously considered by the Court remain the same. While Maxwell has undertaken rehabilitative efforts while incarcerated, a sentence of 360 months is

sufficient, but not greater than necessary, to meet all of the factors of 18 U.S.C. § 3553(a). Further, a sentence of less than 360 months would not provide proper punishment, protection to the public, or deterrence (either general or specific). Instead, a lesser sentence would unduly diminish the severity of Maxwell's crime. Ultimately, under 18 U.S.C. § 3553(a), 360 months of imprisonment is the minimum term that should be imposed. That was true in January 2010 and November 2015, and it remains true today. Therefore, a sentence reduction is not appropriate.

### IV.

There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) ("Courts have considered whether defendants are entitled to counsel as a right when filing under 18 U.S.C. § 3582(c)(2) [and 18 U.S.C. § 3582(c)(1)], and have found that no such constitutional right exists") (citing *United States v. Huffman*, No. 6:08-34-DCR. 2015 WL 3619902, at *1 n.1 (E.D. Ky. June 9, 2015)). Instead, § 3582 provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines… As such, it does not entitle [a prisoner] to appointed counsel." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Therefore, the Court has discretion to decide whether appointment of counsel is appropriate in the present case. The appointment of counsel is unnecessary in the present case because Maxwell is not eligible for relief under 18 U.S.C. § 3582. Accordingly, appointing counsel in the present case would be inappropriate and a waste of resources.

### V.

In summary, Maxwell is not eligible for a sentence reduction under 18 U.S.C. § 3582 because the application of the FSA would not change his applicable guidelines range. Additionally, if Maxwell was eligible for a sentence reduction, such reduction would not be appropriate because it would unduly diminish the severity of the crime. Finally, Maxwell is not entitled to counsel, and counsel would be inappropriate and a waste of resources because Maxwell is not eligible for a sentence reduction. Accordingly, it is hereby

**ORDERED** that Defendant Lazelle Maxwell's request for the appointment of counsel and relief under the First Step Act of 2018, construed as a motion, [Record No. 354] is **DENIED**.

Dated: March 22, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge