UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 09-033-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LAZELLE MAXWELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lazelle Maxwell is serving a 360-month sentence following his 2009 conviction for conspiring to distribute and possessing with the intent to distribute 50 grams or more of a mixture or substance containing cocaine base.  He has now filed a motion for a sentence reduction pursuant to the section 404 of the First Step Act of 2018.  [Record No. 373] Having considered all relevant factors, including those listed in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is not appropriate.  Therefore, Maxwell's motion will be denied.

**I.**

In June 2009, a federal grand jury in Lexington, Kentucky indicted Maxwell and others for conspiring to distribute and possessing with the intent to distribute 50 grams or more of a mixture or substance containing cocaine base (Count 1) and conspiring to distribute and possessing with the intent to distribute 100 grams or more of a mixture or substance containing heroin (Count 2).  [*See* Record No. 65 (Superseding Indictment).]  Maxwell proceeded to trial and a jury convicted him of both counts on September 23, 2009.  On January 11, 2010, he was

- 1 -

sentenced to 240 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2, to be served consecutively, for a total term of 360 months.  [Record No. 208]

Maxwell's conviction and sentence were affirmed on appeal.  However, Maxwell later succeeded on a 28 U.S.C. § 2255 claim challenging his trial attorney's failure to object to the conspiracy charges as multiplicitous.  *See Maxwell v. United States*, 617 F. App'x 470, 473 (6th Cir. 2015).  The United States Court of Appeals for the Sixth Circuit remanded the matter with instructions to vacate Maxwell's conviction on one of the two counts and resentence him on the remaining count.  *Id.*  Upon remand, this Court vacated the conviction on Count 2 and resentenced Maxwell to 360 months' imprisonment on Count 1.  [Record No. 295]  The Sixth Circuit affirmed this sentence on March 3, 2017.  *United States v. Maxwell*, 678 F. App'x 395 (6th Cir. 2017).

## II.

At the time of Maxwell's original sentencing, 50 grams of a mixture or substance containing cocaine base was the minimum quantity required to trigger a ten-year mandatory minimum sentence under 18 U.S.C. § 841(b)(1)(A), but Maxwell was subject to a 20-year mandatory minimum sentence under that provision because he had a prior conviction for a felony drug offense.  *Id.*

The 2009 edition of the United States Sentencing Guidelines Manual ("U.S.S.G.") was used in determining Maxwell's advisory guidelines range.  Maxwell was assigned a base offense level of 34 because he was responsible for 420 grams of crack cocaine and 560 grams of heroin.  *See* U.S.S.G. § 2D1.1(c).  He received a four-level adjustment based on his

leadership role in the conspiracy, resulting in a total offense level of 38.[1]  *See* U.S.S.G. § 3B1.1(a).  As a career offender under U.S.S.G. § 4B1.1, Maxwell's criminal history category was VI.  This resulted in a guidelines range of 360 months to life.  As explained above, Maxwell was sentenced at the bottom of that range.

The Fair Sentencing Act of 2010 ("FSA") was signed into law on August 3, 2010. Section 2 of the FSA amended 21 U.S.C. § 841, increasing the amount of cocaine base required to trigger mandatory minimum sentences.  Pub. L. 111-220 (Aug. 3, 2010).  It now takes 280 grams of cocaine base (rather than 50 grams) to trigger the mandatory minimum penalties described in § 841(b)(1)(A).  However, the FSA did not apply retroactively to defendants like Maxwell who were sentenced before the statute was enacted.  *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The First Step Act of 2018 ("the 2018 Act") was signed into law on December 21, 2018.  Pub. L. 115-391 (Dec. 21, 2018).  Section 404 of the 2018 Act allows district courts to apply the FSA retroactively, such that the court may impose a reduced sentence as if section 2 of the FSA was in effect at the time the covered offense was committed.  The Court is not required to reduce a defendant's sentence even if the defendant is eligible for a sentence reduction under the 2018 Act.  *See* § 404(c).

### III.

Maxwell is eligible for relief under section 404 of the 2018 Act.  *See United States v. Boulding*, 960 F.3d 774, 2020 WL 2832110, at *6 (6th Cir. June 1, 2020) (holding that eligibility for resentencing under the First Step Act turns on the statute of conviction alone).

---

[1]    Maxwell's offense level under U.S.S.G. § 4B1.1 would have been 37, but the greater offense level of 38 applied.

The minimum statutory penalty for his crime of conviction was modified by the FSA, and none of the 2018 Act's other limitations apply to him. *See* § 404(c) (court may not entertain a § 404 motion if the sentence was previously imposed or reduced in accordance with §§ 2 and 3 of FSA or if a motion under § 404 was previously denied after complete review on the merits).

But while Maxwell is eligible for a sentence reduction, he is not entitled to it and reducing his sentence would not be appropriate in this case. Defendants seeking a sentence reduction under the 2018 Act are not entitled to a *de novo* resentencing. *See Boulding*, 2020 WL 2832110, at *7. Instead, in determining whether to modify a defendant's sentence, the court considers the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended sentencing guidelines range, and any relevant post-sentencing conduct. *See United States v. Flowers*, –F.3d–, 2020 WL 3428073, at *5 (6th Cir. June 23, 2020); *United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020). The Court must then ensure that the sentence is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 2020 WL 3428073, at *5.

The FSA reduced the mandatory minimum penalty for Maxwell's conviction from 20 years' imprisonment to 10 years' imprisonment. *Compare* 21 U.S.C. § 841(b)(1)(A) (effective Apr. 15, 2009), *with* 21 U.S.C. § 841(b)(1)(B) (effective Aug. 3. 2010). However, Maxwell was sentenced to 360 months' imprisonment—the bottom of his guidelines range, but a full 10 years greater than the mandatory minimum. Put simply, this is not a case in which the Court believed that a lower sentence was appropriate but was unable to impose it because of the statutory mandatory minimum in effect at the time of sentencing.

Having considered the factors discussed in *Flowers* and *Allen*, the Court remains persuaded that the original sentence is appropriate. Maxwell was charged with a conspiracy

- 4 -

involving 50 grams or more of cocaine base, as that is what § 841(b)(1)(A) required at the time.  However, the Court determined at sentencing that Maxwell was responsible for nearly a kilogram of controlled substances, 560 grams of which were heroin.

Maxwell contends that the Court should recalculate his guidelines range without considering him a career offender under U.S.S.G. § 4B1.1.  Specifically, he argues that the instant conspiracy offense is not a qualifying "controlled substance offense" under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019).  He also asserts that his prior conviction for fleeing a police officer in violation of Michigan law is no longer a crime of violence as defined under the current version under U.S.S.G. § 4B1.2.  Maxwell raised the latter argument when his case was remanded for resentencing in 2015, and the Court concluded that it would have imposed a sentence of 360 months even if Maxwell were not deemed a career offender.  [*See* Record Nos. 302, 311]

While the Sixth Circuit has authorized sentencing courts to consider "all relevant factors," it has made clear that plenary resentencing is not required.  *Boulding*, 2020 2832110, at *7.  There is nothing in the text of the 2018 Act suggesting that district courts must reevaluate these sorts of determinations in considering whether to grant a defendant's motion for a sentence reduction.  *See United States v. Kelley*, —F.3d—, 2020 WL 3168518 (9th Cir. June 15, 2020) (observing that the 2018 Act "asks the court to consider a counterfactual situation where only a single variable is altered [and] does not authorize the district court to consider other legal changes that may have occurred after the defendant committed the offense); *see also United States v. Hegwood*, 934 F.3d 414, 419 (5th Cir. 2019) (district court imposes sentence under section 404 "as if all the conditions for the original sentence were again in place with the one exception;" court did not err in continuing to apply career-offender

enhancement).  *But see United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020) (holding that a guidelines error deemed retroactive must be corrected in a First Step Act resentencing).

While such legal changes may be considered as part of a § 3553(a) analysis, allowing cocaine-base offenders to benefit automatically from otherwise non-retroactive changes in the law may have unwarranted results.  As the *Kelley* Court observed, "the point of the Fair Sentencing Act was to lessen the disparity between sentences for crack cocaine offenses and sentences for powder cocaine offenses."  *Id.* at *6.  And allowing these types of challenges in a § 404 proceeding "would put defendants convicted of crack cocaine offenses in far better position that defendants convicted of other drug offenses: The crack cocaine defendants could have their career offender statuses reevaluated, and be eligible for other positive changes in their Guidelines calculations, while other criminal defendants would be deprived of such a benefit."  *Id.*

When resentencing Maxwell in 2015, the Court acknowledged that his base offense level would be 32 under the 2015 edition of the Guidelines Manual.  After four levels were added under § 3B1.1(a) to account for Maxwell's role in the offense, an offense level of 36 resulted.  Assuming, *arguendo,* that the career offender enhancement did not apply, 36 was the total offense level.  Applying the 2015 Guidelines, Maxwell would have only six criminal history points, resulting in a criminal history category of III, and a guidelines range of 235 to 293 months of imprisonment.[2]  [Record No. 302, p. 27]

---

[2]    Maxwell received two criminal history points under U.S.S.G. § 4A1.1(e) because the instant offense was committed less than two years after his release from custody for his 1999 conviction for fleeing a police officer.  The Guidelines were amended in 2010 to eliminate consideration of recency points under this provision.

Maxwell now reasserts these same arguments, but also contends that his base offense level should be reduced to 30 based on amendments to the drug equivalency tables affecting cocaine base. *See* U.S.S.G. 2D1.1, app. n. 8(D). [Record No. 373] He argues that, with a total offense level of 34 and a criminal history category of III, the applicable guidelines range is 188 to 235 months' imprisonment.

Maxwell seeks a plenary resentencing, which is not contemplated under the First Step Act. Consistent with its prior decision, the Court declines to reduce Maxwell's sentence based on these changes in the Guidelines manual. As previously noted, the criminal history section in Maxwell's PSR was far from an overrepresentation of his prior criminal activity. Maxwell had been involved in serious criminal activity for the majority of his adult life. Beginning at the age of 18, he was convicted of aggravated drug trafficking and fleeing from a police officer; he served substantial prison sentences for these crimes. Due to the age of these offenses, Maxwell was not assessed any criminal history points for them in his PSR.

Maxwell was involved in three separate bank robberies between February 1, 1993, and February 12, 1993. He pleaded guilty to one count of bank robbery in the United States District Court for the Eastern District of Michigan. He was released from custody in 1997, but violated the terms of his supervised release in 1999 when he was convicted of fleeing from a police officer. Maxwell argues that the 1999 conviction for fleeing from a police officer is no longer a crime of violence, but the Court notes for purposes of this analysis that his particular offense involved a car chase with a substantial quantity of drugs and firearms. As this Court has explained, the defendant's long pattern of criminal conduct exhibits a danger to the public and a lack of respect for the law.

The Court finds that its previous analysis of the remaining § 3553(a) factors remains accurate.  With respect to the nature and circumstances of the instant offense, the defendant was involved in significant drug trafficking activities, not because he had an addiction, but simply to make a profit.  [Record No. 302, p. 41]  He played a leadership role in the conspiracy, directing the actions of a various people who distributed large quantities of cocaine base and heroin.  The Court has noted that a lengthy sentence was (and is) needed to reflect the seriousness of the crime and to provide just punishment for the offense, as well as to promote specific and general deterrence.  *Id.* at p. 45.

Maxwell reports that he has not had any "serious" incident reports and has provided documentation indicating that he has completed various educational courses.  While the Court commends Maxwell's steps toward rehabilitation, these efforts do not warrant a sentence reduction when considered in conjunction with the other factors.  *See Flowers*, 2020 WL 4428073, at *6 (concluding that district court did not err in finding that defendant's post-conviction behavior did not warrant a change in his original sentence).  Consistent with the Court's previous decisions, a sentence of 360 months' imprisonment remains sufficient, but not greater than necessary, to meet all of the goals and objectives of 18 U.S.C. § 3553.  A lesser sentence would be insufficient to meet the statutory factors.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for a sentence reduction pursuant to the First Step Act of 2018 [Record No. 373] is **DENIED**.

Dated: June 25, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky